UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Saundra Crutchfield, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No.: 1:16-cv-3025** |
| | ) | |
| Cavalry Portfolio Services, LLC | ) | |
| and Cavalry SPV I, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
# THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District

7.  The acts and transactions alleged herein occurred in this Judicial District.

8.  The Plaintiff resides in this Judicial District.

9.  The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Saundra Crutchfield, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Cavalry Portfolio Services, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. *See Exhibit "1" attached hereto.*

14. The Defendant, Cavalry SPV I, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. *See Exhibit "2" attached hereto.*

15. The Defendant, Cavalry Portfolio Services, LLC, is a debt collection agency and the Defendant is licensed by the State of Indiana.

16. Defendants regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

18. The Defendant, Cavalry Portfolio Services, LLC, is a debt collection agency attempting to collect a debt from Plaintiff.

19. The Defendant, Cavalry, SPV I, LLC, is a debt buyer.  The Defendant, Cavalry Portfolio Services, LLC, is the servicer for the debts owned by Cavalry SPV I, LLC.  Thus, Cavalry Portfolio Services, LLC, is the agent for the principal, Cavalry SPV I, LLC.  The principal is responsible for the acts of the agent.

20. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

21. The debt owed by Plaintiff went into default.

22. After the debt went into default the debt was placed or otherwise transferred to the Defendants for collection.

23. The Plaintiff disputes the debt.

24. The Plaintiff requests that the Defendants cease all further communication on the debt.

25. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

26. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

27. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

28. On April 23, 2015, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 15-03458-JMC. *See Exhibit "3" attached hereto*.

29. The Plaintiff's bankruptcy petition contained a list of schedules and debts.

30. The debt that the Defendants had been had been attempting to collect was listed on the Plaintiff's Schedule F of Plaintiff's bankruptcy case.

31. The Bankruptcy Noticing Center sends electronic notice to those entities listed on the Plaintiff's bankruptcy petition that have signed up for that service.  The Defendants are such entities.

32. The Notice of Bankruptcy sent by the Bankruptcy Noticing Center contains the following: "...**the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property....If you attempt to collect or take other action in violation of the Bankruptcy Code, you may be penalized**." (emphasis in original) *See Exhibit "3" attached hereto*.

33. The Notice of Bankruptcy also notified the Defendants that the Plaintiff had retained legal representation for his debts, in addition with providing the contact information for said representation. *See Exhibit "3" attached hereto*.

34. Therefore, the Defendants knew that the Plaintiff not only had retained legal counsel for the debt it was attempting to collect, but had said counsel's contact information.

35. On May 29, 2015, Defendant, Cavalry SPV I, filed a Proof of Claim in order to receive money from Plaintiff's Chapter 13 Trustee payments. *See Exhibit "4" attached hereto*.

36. On July 7, 2016, Plaintiff's chapter 13 bankruptcy case was dismissed. Sometime thereafter, Defendants received notice of the dismissal of Plaintiff's bankruptcy case.

37. On July 20, 2016, the Judge in Plaintiff's bankruptcy case granted her relief from the judgment of dismissal in her bankruptcy case. Thus, Plaintiff's bankruptcy was reinstated.

38. On July 20, 2016, Defendants received electronic notification of the relief from dismissal. *See Exhibit "5" attached hereto.*

39. On September 6, 2016, Defendant, Cavalry Portfolio Services, LLC, sent the Plaintiff two (2) dunning letters directly to her in an attempt to collect the same debt despite notice of the automatic stay of the Bankruptcy Court. *See Exhibit "6" attached hereto.*

40. The two (2) letters sent to the Plaintiff on September 6, 2016, are the same debts that were included in Plaintiff's bankruptcy case. *See Exhibits "4" and "6" attached hereto.*

41. The Defendants, after knowing not only that the Plaintiff had retained legal counsel for this debt, but that she had filed for bankruptcy protection, sent her two (2) dunning letters directly in an attempt to collect a debt, an act it could not do because of the automatic stay of the Bankruptcy Court.

42. The Defendants were attempting to collect a debt it was legally enjoined from collecting.

43. The Defendants misrepresented the legal status of the debt to the Plaintiff when it sent a dunning letter in an attempt to collect a debt despite notice of the automatic stay of the Bankruptcy Court.

44. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 44 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692c by contacting the Plaintiff directly in an attempt to collect a debt when it had knowledge of legal representation.

3. The Defendant The Defendant violated 15 U.S.C. § 1692e by making a misrepresentation to the Plaintiff in an attempt to collect a debt by misrepresenting the legal status of the debt to the Plaintiff.

4   The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by misrepresenting the legal status of the debt to the Plaintiff.

5   The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to contact him directly in an attempt to collect a debt despite having knowledge of the Plaintiff's bankruptcy in addition to Plaintiff's legal counsel.

6   The Defendant engaged in conduct the natural consequence is to harass or oppress any person which violates the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by contacting the Plaintiff directly when it had knowledge of the automatic stay of the Bankruptcy Court in addition to having knowledge of the Plaintiff's legal representation.

7   The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to collect a debt it was legally enjoined from collecting.

8   The Defendant's acts and omissions intended to harass the Plaintiff in violation of 15 U.S.C. § 1692d, by attempting to collect a debt it was legally enjoined from collecting.

9   The Defendant's violated 15 U.S.C. § 1692e by attempting to collect a debt it was legally enjoined from collecting.

10  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

11  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Actual damages under 15 U.S.C. § 1692k(a)(1).

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com